THY B. BUI (SBN 256383)
tbui@constangy.com
JULIA LEVITSKAIA (SBN 286042)
jlevitskaia@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA  90067
Telephone:  310.909.7775

Attorneys for Defendant
ELEVANCE HEALTH, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL GONZALEZ, an individual,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>ELEVANCE HEALTH, INC. a corporation; MERCEDES CRUZ, an individual; SARA ALLEN, an individual; and DOES 1 through 50, inclusive,<br>　　　　　Defendants. | Case No. 8:23-cv-00356<br><br>[Removed from Orange County Superior Court, Case No. 30-2023-01303379-CU-WT-CJC]<br><br>**DEFENDANT ELEVANCE HEALTH, INC.'S NOTICE OF REMOVAL**<br><br>[28 USC §§ 1332, 1441, 1446]<br><br>Removal Date:　　March 1, 2023<br>Complaint Filed: January 19, 2023<br>Trial Date:　　None Set |

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF KRYSTAL GONZALEZ AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Elevance Health, Inc. hereby removes this action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California – Southern Division. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

<b>PROCEDURAL BACKGROUND</b>

1. This case arises from Plaintiff Krystal Gonzalez's former employment with Elevance Health. On January 20, 2023, Plaintiff filed this action in the Superior Court of the State of California, Orange County, Case Number 30-2023-01303379-CU-WT-CJC, asserting twelve separate claims (the "State Court Action"). Plaintiff asserts causes of action under the Fair Employment and Housing Act against Elevance Health for: (1) disability discrimination; (2) retaliation; (3) failure to prevent discrimination, harassment, and/or retaliation; (4) failure to provide reasonable accommodation; and (5) failure to engage in the interactive process. She also asserts a sixth cause of action against Elevance Health under the common law for wrongful termination in violation of public policy. As to all Defendants, which includes former supervisors Sara Allen and Mercedes Cruz, she asserts causes of action under California Labor Code for: (7) retaliation pursuant to sections 1102.5 and 98.6; (8) failure to provide meal breaks pursuant to section 226.7; (9) failure to provide rest breaks pursuant to section 226.7; (10) failure to provide accurate wage statements pursuant to section 226; (11) waiting time penalties pursuant to sections 201 and 203; and (12) failure to permit inspection of personnel file and payroll records pursuant to sections 226(c), 226(f), 432 and 1198.5.

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

**TIMELINESS OF REMOVAL**

2.     On January 31, 2023, Plaintiff served Elevance Health with the following documents: (1) Summons; (2) Complaint; (3) Civil Case Cover Sheet; and (4) Notice of Case Management Conference and Clerk's Certificate of Service. True and correct copies of these documents are attached as **Exhibits 1 through 4**.

3.     On February 7, 2023, Plaintiff filed a Proof of Service attesting to service of the above-reference documents on Elevance Health. A true and correct copy of this document is attached as **Exhibit 5**.

4.     On February 7, 2023, Plaintiff filed a Proof of Service attesting to personal service of the above-referenced documents on defendant Sara Allen, served on February 2, 2023.[1] A true and correct copy of this document is attached as **Exhibit 6**.

5.     On February 16, 2023, Plaintiff filed a Proof of Service attesting to substituted service of the above-referenced documents on defendants Mercedes Cruz.[2] A true and correct copy of this document is attached as **Exhibit 7**.

6.     On February 24, 2023, Elevance Health filed its Answer to Plaintiff's Complaint. A true and correct copy of this document is attached as **Exhibit 8**. No other process, pleadings, or papers have been filed in said action and no further proceedings have been had.

7.     Defendants "DOES 1-50, inclusive" have not been identified, nor is there any record that they were served with the Summons or the Complaint in the State Court Action.

---

[1] As further explained below, Allen has been fraudulently joined; therefore, Allen's joinder or consent to the removal is not required under 28 U.S.C. § 1446(b)(2). *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015); *see also Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991).

[2] Cruz, likewise, has been fraudulently joined as further explained below; therefore, her joinder or consent to the removal is also not required under 28 U.S.C. § 1446(b)(2). *See id*.

2

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

8. This removal is timely filed as required by 28 U.S.C § 1446(b) having been accomplished within 30 days of the date of service of the State Court Action on Elevance Health, served on January 31, 2023, and within one year of the date the State Court Action was filed on January 20, 2023. See 28 U.S.C. § 1446(b)(2)(B).

**DIVERSITY JURISDICTION**

9. **Basis of Original Jurisdiction**. Elevance Health is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because: (1) this action is a civil action between citizens of different states, as Plaintiff is a citizen of California and Elevance Health is a citizen of Indiana; (2) Defendants Mercedes Cruz and Sara Allen are sham defendants who have been fraudulently joined and their citizenship should be disregarded for removal purposes; and (3) this action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs as described below.

10. **Plaintiff Is a Citizen of California**. For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is her permanent home, where she resides with the intent to remain or to which she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). In her State Court Action, Plaintiff alleges she is a resident of the State of California. (Compl. ¶ 3.) In addition, Plaintiff has been domiciled in California for the entire duration of her employment with Elevance Health, as evidenced by her wage statements. (*See* Declaration of Suzanne Rumsey, hereinafter "Rumsey Decl.," ¶ 3). Finally, as of the date of this Notice of Removal, Elevance Health has not received any notice of change of address from Plaintiff and has sent her 2022 IRS Form W-2 to her address in La Habra, California accordingly. (*Id*.) Therefore, for her entire employment with Elevance Health and at the time of filing this action, Plaintiff has been domiciled in

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

California and is therefore a citizen of California.

11. **Elevance Health Is a Citizen of Indiana**. The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id.* Elevance Health is incorporated in Indiana, and its principal place of business is in Indianapolis, Indiana as it performs most of its executive and administrative functions at its corporate headquarters in that location. A true and correct copy of pertinent excerpts of Elevance Health, Inc.'s Form 10-K, filed with the U.S. Securities and Exchange Commission on February 15, 2023 and available at www.sec.gov, is attached hereto as **Exhibit 9**. The Form 10-K identifies Indiana as Elevance Health's state of incorporation and Indianapolis, Indiana as the address of its principal executive offices. (*See* Request for Judicial Notice).

12. **Citizenship of "Sham" Defendants Cruz and Allen Should Be Disregarded**. Diversity of citizenship also exists between the parties on the grounds that the citizenship of Defendants Cruz and Allen should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332, because they were fraudulently joined as "sham" defendants, in that it is impossible for Plaintiff to establish liability against them for Plaintiff's various causes of action based on the California Labor Code. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"); *McCabe v. General*

4

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

*Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.").

a.      Plaintiff's causes of action under the California Labor Code cannot be maintained as a matter of law against individual Defendants Cruz or Allen. While Plaintiff lumps Cruz and Allen together with Elevance Health as Defendants to the seventh through twelfth causes of action for purported violations of sections 1102.5/98.6, 203, 226, 226.7 and 1198.5 (Compl. ¶¶ 115-180), these causes of action may only be alleged against employers, which Cruz and Allen are not. First, the law is clear that causes of action under sections 1102.5 and 98.6 (Plaintiff's Seventh Cause of Action) can only be maintained against employers. *See Laborers Int'l Union Loc. 261 v. City & Cnty. of S.F.*, No. 22-CV-02215-LB, 2022 WL 2528602, at *7 (N.D. Cal. July 6, 2022) ("[T]he existence of an employee-employer relationship is a prerequisite to § 1102.5(b) liability…In this regard, courts have dismissed claims where the defendant was not an 'employer.'") (internal citations omitted); *Lloyd v. Cnty. of L.A.*, 172 Cal. App. 4th 320, 330 (2009) ("[A] supervisor, when taking retaliatory action against the employee, is necessarily exercising authority the employer conferred on the supervisor.... Thus, in a retaliation case, it is the employer's adverse employment action that constitutes the substance of the tort.") (internal citations and quotations omitted); *see also, e.g., Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 989 (N.D. Cal. 2016) (holding that "§ 1102.5 claims may only be brought against 'an employer'"). Second, the plain language of sections 203, 226, 226.7 and 1198.5 limits their application to employers.

b.      The limited exception to the employer rule, which permits personal liability as to an employer's managing agent for certain wage and hour violations, likewise does not apply to Cruz or Allen as a matter of law. *See* Cal. Lab. Code §§ 558.1(a), (b) (stating that a natural person who is an owner, director,

officers or managing agent within the meaning of Civil Code section 3294(b) may be liable for violations of Labor Code sections 203, 226, 226.7, 1193.6, 1194 or 2802). A "managing agent" is a corporate employee vested with substantial discretionary authority over decisions that ultimately determine corporate policy regarding the matter as to which punitive damages are sought. *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566–67 (1999). Moreover, "corporate policy" refers to general principles that guide a corporation, or rules intended to be followed consistently over time. *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167–68 (2000); s*ee also Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 421 (1994), *as modified* (Mar. 4, 1994) (holding that the highest-ranking supervisor who in the employer's Southern California offices with immediate and direct control over the plaintiff was, nevertheless, not a managing agent because he did not have the authority to change or set corporate policies). For Cruz or Allen to be held personally liable under section 558.1, each must have had some oversight of Elevance Health's operations or some influence on corporate policy that resulted in Labor Code violations. *See Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 59 (2022), *review denied* (Apr. 27, 2022) (holding that an "owner" caused Labor Code violations within the meaning of section 558.1, where he approved the policy that resulted in said violations); *see also Usher v. White*, 64 Cal. App. 5th 883, 896–97 (2021), *reh'g denied* (June 10, 2021) ("an 'owner'…must either have been personally involved in the purported violation of one or more of the enumerated provisions; or, absent such personal involvement, had sufficient participation in the activities of the employer, including, for example, over those responsible for the alleged wage and hour violations, such that the 'owner' may be deemed to have contributed to, and thus for purposes of this statute, 'cause[d]' a violation"). Neither Cruz nor Allen are owners or managing agents within the meaning of section 558.1.

   i. **Defendant Mercedes Cruz Is Not a Managing Agent Under Section 558.1**. Elevance Health employed Cruz as a Medical Assistant Lead

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

at a CareMore Medical Group location in Fullerton, California since July 2011. (Rumsey Decl. ¶ 4.) She is an early entry-level, hourly employee who provides Elevance Health and CareMore Health Plan with administrative support. (*Id.*) Her duties and responsibilities are limited to providing front and/or back office support; training new associates; conducting monthly staff meetings; implementing clinical policies and procedures; overseeing patient check-ins by ensuring medical records/charts are up to date and accurate for their visit; performing patient interviews/screening and explaining procedures, treatments and medications; overseeing patient check out by scheduling follow-up appointments and collecting co-payments; and reconciling co-payments daily. (*Id.*; **Ex. 11**.) She does not have any: (1) oversight over Elevance Health's or CareMore Health Plan's enterprise-level operations; (2) influence on Elevance Health's or CareMore Health Plan's policies as to wages or payroll; (3) job functions that included issuance of wage payments or statements to their employees, or payment of meal/rest break premiums to their employees. (Rumsey Decl. ¶ 6.) Moreover, Defendant Cruz does not exercise independent discretion or authority in corporate policy-making decisions for Elevance Health or CareMore Health Plan, as those functions are not among her job duties. (*Id.* at ¶¶ 4, 6; *see* **Ex. 11**.)

ii. **Defendant Sara Allen Is Not a Managing Agent Under Section 558.1**. Elevance Health employed Allen as a Medical Assistant in 2007 and promoted to Manager of a CareMore Medical Group facility in Cerritos, California in July 2014 and then to Manager II of a CareMore Medical Group facility in Anaheim, California in January 2018. (*Id.* at ¶ 5.) In November 2020, Defendant Allen began managing the CareMore Medical Group facility located in Fullerton, California, where Ms. Gonzalez was employed. (*Id.*) A Manager II is responsible for providing supervision and leadership to the administrative and non-physician clinical staff. (*Id.*) Ms. Allen's duties and responsibilities are limited to her facility and include monitoring operational procedures and office policy; analyzing daily

7

office operations and utilization of resources; maintaining appropriate staffing levels; interacting with the regional manager to facilitate office operations; conducting monthly staff meetings; hiring, training, coaching, counseling and evaluating performance of direct reports. (*Id.*; **Ex. 12**.) She does not have any: (1) oversight over Elevance Health's or CareMore Health Plan's enterprise-level operations; (2) influence on Elevance Health's or CareMore Health Plan's policies as to wages or payroll; (3) job functions that included issuance of wage payments or statements to their employees, or payment of meal/rest break premiums to their employees. (Rumsey Decl. ¶ 6.) Moreover, Defendant Allen does not exercise independent discretion or authority in corporate policy-making decisions for Elevance Health or CareMore Health Plan, as those functions are not among her job duties. (*Id.* at ¶¶ 5, 6; *see* **Ex. 12**.)

c.    Since Defendants Cruz and Allen are not themselves employers nor Elevance Health's owners, directors, officers, or managing agents, they cannot be liable under Plaintiff's Eighth through Eleventh Causes of Action for purported violations of Labor Code sections 203 (waiting time penalties), 226 (failure to provide accurate wage statements) and 226.7 (failure to provide meal and rest breaks). *See* Cal. Lab. Code §§ 558.1(a), (b). Likewise, the Labor Code directs an "employer" to make the contents of an employee's personnel records available for inspection. Cal. Lab. Code § 1198.5. Since there is no provision or exception that allows a supervisor to be individually liable for any penalties resulting from the employer's failure to permit timely inspection of records, Defendants Cruz and Allen cannot be personally liable as supervisors under Plaintiff's Twelfth Cause of Action. As a result, Plaintiff's joinder of Defendants Cruz and Allen is fraudulent and their citizenship is to be disregarded for purposes of diversity jurisdiction.

13.    **Citizenship of Unnamed "Doe" Defendants Should be Disregarded**. The defendants Plaintiff designates as Does 1 through 50 in the Complaint are fictitious defendants and are not parties to this action. Unnamed defendants, such as

8

Doe defendants, are not required to join in a removal petition. The Court may therefore disregard their citizenship for purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

14. **Amount in Controversy Exceeds $75,000**. Elevance Health alleges that based on Plaintiff's Complaint, it is facially apparent that the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000. "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (factual allegations in the Complaint, along with the types of damages plaintiff sought made it facially apparent that the amount in controversy exceeded the $75,000 jurisdictional amount).

a. **Compensatory Damages**. Plaintiff alleges that as a consequence of Elevance Health's actions, she lost minimum, overtime, and premium wages, and past and future income in a sum to be proven at trial. (Compl. ¶ 34.) Elevance Health employed Plaintiff for five months between May 9, 2022 thorough October 3, 2022. (*Id.* ¶ 15.) At the time of her employment ended, she earned regular wages at a rate of $21.50 per hour and was expected to work 40 hours per week. (Compl. ¶ 16; Rumsey Decl.¶ 3.) Plaintiff alleges she was not afforded a 30-minute meal break nor a 10-minute rest break daily and, as a result, is entitled to payment for two additional hours at her regular rate of pay for each day the violations occurred. Assuming Plaintiff can show she was not afforded her meal period and rest breaks daily, that totals $4,515 for her five months (or 21 weeks) of work at $21.50 per hour. If Plaintiff is able to recover back wages through the date of this Removal (21 weeks), she would additionally be entitled to approximately $18,060 in backpay, bringing the economic damages total to **$22,575**.

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

b.   **General Damages**. Plaintiff further alleges that she suffered non-economic damages in the form of psychological and emotional distress, humiliation, and mental and physical pain and anguish. (Compl. ¶ 35.) Emotional distress damages may be considered when calculating the amount in controversy even when not clearly pled in the Complaint. *See Kroske*, 432 F.3d at 980 (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages to exceed the jurisdictional amount); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (noting that while a retaliation case brought by a former employee would likely not result in an award of $3.5 million dollars in emotional distress damages, the court noted that "emotional distress damages in a successful employment discrimination case may be substantial"); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial"). Conservatively speaking, it is more likely than not that Plaintiff seeks emotional distress damages at least equal her current economic damages, or $22,575, bringing the total amount of potential damages to at least **$45,150**.

c.   **Civil Penalties**. Plaintiff also alleges claims for failure to timely pay all final wages due and failure to provide accurate wage statements. (Compl. ¶¶ 152-170.) Plaintiff's claim for 30 days of waiting time penalties is equal to $5,160. Moreover, if successful on her wage statement claim, Plaintiff may be entitled up to $4,000 in penalties. Cal. Lab. Code § 226. Ultimately, Plaintiff's Labor Code claims would amass an additional total of $9,160 to the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004 (N.D. Cal. 2002) (civil penalties are including in determining whether amount in controversy required for diversity jurisdiction is met); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (amount in controversy includes every items of possible relief except interest

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

and costs). Combined with Plaintiff's economic and emotional distress damages, this brings the total amount of potential damages to at least **$54,310**.

        d.    **Attorney Fees**. Additionally, Plaintiff seeks attorneys' fees in the Prayer to her Complaint. (Compl. at 33:24.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (citing *Simmons v. PCR Tech.,* 209 F. Supp. 2d at 1034). *See also*, *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement. 'Even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum.'" *Cain*, 890 F. Supp. 2d at 1250 (quoting *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009)). Courts routinely award attorneys' fees well over $75,000 in cases alleging multiple violations of the FEHA.

        e.    In a recent case, Plaintiff's counsel Babak Termechi submitted a declaration dated April 26, 2021 attesting to an hourly rate of $450 per hour. (*See* Request for Judicial Notice.) A true and correct copy of the April 26, 2021 Declaration of Babak Termechi is attached as **Exhibit 10**. A rate of $450 an hour could easily result in a $45,000 fee award for 100 hours of work on this case. *See, e.g., Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) ("attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case"); *Sasso*, 2015 WL 898468, at *6

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

(reasonable attorneys' fees in a single-plaintiff matter with only four causes of action "may reasonably be expected to equal at least" 100 hours); *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE-KJN, 2014 WL 651923, at *11 (E.D. Cal. Feb. 19, 2014) (100 billable hours was "a reasonable and good faith estimate of the expected fees" in a single-plaintiff employment matter that included wage claims); s*ee also Simmons*, 209 F. Supp. 2d at 1034 (holding that plaintiff's employment discrimination claim exceeds the federal jurisdictional minimum, even though the lost wages at the time of removal were just $26,500, because Plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA). Moreover, if Plaintiff's counsel prosecutes this matter through trial, she will spend at least 300 to 500 billable hours (a conservative estimate) litigating this case with twelve individual claims, which includes multiple discrimination claims. *See Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 225 (9th Cir. 2013) (finding that an attorneys' fees award for 1,610.8 total billable hours was reasonable where counsel argued multiple single-plaintiff FEHA discrimination claims through trial). Thus, it is not unreasonable to calculate Plaintiff's potential recoverable attorney's fees at $450/hour for a total of 300 hours through trial, totaling **$135,000** and in excess of the jurisdictional minimum on its own.

        f.    **Punitive Damages**. Plaintiff also seeks punitive damages in her Complaint. (Compl. ¶ 36.) A determination of the amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Miller v. Michigan Millers Ins. Co.*, No. C-96-4480 MHP, 1997 WL 136242 *4 (N.D. Cal. Mar. 12, 1997); *Richmond*, 897 F. Supp. 447 at 450. Punitive damages are available under the FEHA. Cal. Gov't Code § 12940. These damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Simmons*, 209 F. Supp. 2d at 1033–34. To that end, Elevance Health

DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441

highlights jury verdicts from cases with FEHA claims where substantial punitive damages were awarded. *See e.g.*, *Gutierrez v. Dignity Health*, JVR No. 1907120044 ($175,000 punitive damages award); *Abarca v. Citizens of Humanity L.L.C.*, JVR No. 1706290050 ($550,000 punitive damages award); *Woods v. Greystar Mgm't Servs. L.P.*, JVR No. 1907020005 ($600,000 punitive damages award); *Colucci v. T-Mobile USA Inc.*, JVR No. 1709260055 ($4,000,000 punitive damages award). Thus, the amount in controversy well exceeds $75,000.

## CONCLUSION

15.    Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California, Elevance Health is a citizen of Indiana, and the citizenship of Defendants Cruz and Allen should be disregarded as sham defendants, as Plaintiff fails to state a claim as to any of the California Labor Claims alleged against them. Furthermore, the amount in controversy clearly exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and Elevance Health has properly removed the State Court Action to this Court.

*            *            *            *

WHEREFORE, Defendant Elevance Health prays that the State Court Action be removed from the Superior Court of California, County of Orange, to this Court.

DATED: March 1, 2023          **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By:    /s/ Julia Levitskaia
          Thy B. Bui
          Julia Levitskaia
          Attorneys for Defendant
          ELEVANCE HEALTH, INC.

13
DEF.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441